UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EXECUTIVE RISK INDEMNITY INC.,
as subrogee of ANDREWS INTERNATIONAL,
INC. and COPSTAT SECURITY, LLC,

                Plaintiffs,

                -against-

FIELDBRIDGE ASSOCIATES LLC,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

13-CV-4354 (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    Before the Court is the plaintiffs' motion for reconsideration of the Court's March 18, 2015 Memorandum and Order ("Order"), Docket Entry No. 22, pursuant to Federal Rule of Civil Procedure 59 and Local Civil Rule 6.3 of this court. The defendant opposes the motion.

**Background**

    The plaintiffs, Executive Risk Indemnity Inc. and its insureds, Andrews International, Inc. ("Andrews") and Copstat Security, LLC ("Copstat"), made an application for attorneys' fees pursuant to Federal Rule of Civil Procedure 54. The plaintiffs sought attorneys' fees and costs incurred in connection with the defense of Andrews and Copstat in an underlying action filed in New York State Supreme Court, Bronx County, and denominated <u>Willis Jackson v. Fieldbridge Associates, LLC, Andrews International, Inc. and Copstat Security, Inc</u>. (the "underlying action"), for which the defendant, Fieldbridge Associates, LLC ("Fieldbridge"), acknowledged liability. The plaintiffs also sought to recover the attorneys' fees and costs they incurred in bringing their Rule 54 motion, which, they contended, was occasioned by Fieldbridge's initial refusal to honor its obligation to the plaintiffs, pursuant to a prior agreement.

In the Order, the Court determined, inter alia, that: (a) an award of attorneys' fees incurred by the plaintiffs for work done by Barry Jacobs, Esq. ("Jacobs"), an attorney who represented them in the underlying action, was warranted; (b) an award of attorneys' fees incurred by the plaintiffs for hours of work claimed by attorneys other than Jacobs, who were employed at the same law firm, and by paralegals and clerks employed at that firm, was not warranted because the evidence provided in support of this branch of the plaintiffs' request was substantially deficient; and (c) an award of attorneys' fees incurred by the plaintiffs in connection with the filing of their Rule 54 motion was not warranted because the plaintiffs failed to provide any contemporaneous time records in support of their application.

**Plaintiffs' Contentions**

In support of their motion for reconsideration of the Order, the plaintiffs contend that, because their subrogation action against the defendant, which was the occasion for their motion for attorneys' fees, was premised on diversity jurisdiction, New York law applied; consequently, "the Court erred by applying federal law rather than New York law" in determining whether the plaintiffs were entitled to attorneys' fees in connection with that action. The plaintiffs also contend that, by relying on federal law in ruling upon the plaintiffs' motion for attorneys' fees, the Court "incorrectly applied the 'presumptively reasonable fee' standard, or 'lodestar' method," as enunciated by the Second Circuit Court of Appeals, whereas, "while the 'lodestar' method is often applied in New York, it is not a rigorous standard that must be strictly followed." Additionally, according to the plaintiffs, since the Court has already determined that the attorneys' fees incurred for the work performed by Jacobs were reasonable, "it should follow that the rates of his partners, associates and paralegals are also reasonable." The plaintiffs also argue that attorneys' fees should have been awarded to the plaintiffs for the work performed in

2

connection with the filing of their Rule 54 motion, based on the information provided in an attorney affidavit filed in support of that branch of their motion. In addition, the plaintiffs contend that the amount of attorneys' fees awarded by the Court was unjust because "the parties to this action had a contractual agreement wherein Fieldbridge agreed to defend and indemnify Andrews and Copstat and breached that agreement, and . . . later accepted liability for the defense of the [u]nderlying [a]ction." In support of their motion for reconsideration, the plaintiffs provided, <u>inter alia</u>, information concerning attorneys (other than Jacobs) and paralegals who worked on the matter, which was not included in their original motion papers.

**Defendant's Opposition**

The defendant contends that the Court's application of the lodestar method was not error because it is the method the New York courts have accepted as a way of assessing the reasonableness of attorneys' fees. The defendant also notes that, in their application for attorneys' fees, the plaintiffs expressly maintained that the lodestar method was the standard method and should be applied. The defendant contends further that the evidence submitted by the plaintiffs respecting law firm personnel other than Jacobs is inadmissible on a motion for reconsideration.

**Plaintiffs' Reply**

In their reply papers, the plaintiffs again assert that their motion to reconsider should be granted to prevent an injustice given that Fieldbridge was contractually obligated to pay their fees and costs and has admitted its liability. The plaintiffs also assert that the reasonableness of the fees sought has been established notwithstanding the absence of evidence in support of their claim, and note that they have provided the missing evidence along with the instant motion. The

3

plaintiffs argue that the additional evidence provided here is not "new evidence or law, but rather . . . was already before the Court but . . . required clarification."

**Legal Standard**

Local Civil Rule 6.3 of this court provides for a motion for reconsideration or reargument, requiring the movant to set forth, in a memorandum of law, "concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. Typically, to obtain relief under Local Civil Rule 6.3, the movant must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. See Al Maya Trading Establishment v. Global Export Marketing Co. Ltd., No. 14 Civ. 275, 2014 WL 3507427, at *10 (S.D.N.Y. July 15, 2014). However, reconsideration by a court of its prior decision is also justified when an intervening change in controlling law has occurred, new evidence has become available or the need to correct a clear error or prevent manifest injustice exists. See Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). The determination to grant or deny a motion for reconsideration is left to "the sound discretion" of the court. Mikol v. Barnhart, 554 F. Supp. 2d 498 (S.D.N.Y. 2008).

**Application of Legal Standard**

The plaintiffs have failed to identify, through their motion for reconsideration, any controlling decisions or factual matters that were put before the Court on the underlying motion for attorneys' fees which were overlooked by the Court. However, the plaintiffs assert that, because their subrogation action was premised on diversity jurisdiction, New York substantive law, rather than the federal law upon which the Court relied in analyzing their attorneys' fees motion, applies to the determination of the amount of attorneys' fees that should be awarded in

this case. See, e.g., Aurora Commercial Corp. v. Approved Funding Corp., No. 13-CV-230, 2014 WL 3866090, at *2 (S.D.N.Y. Aug. 6, 2014) ("Federal courts sitting in diversity apply state law to determine an award of attorney fees and costs."). The plaintiffs are correct that the Court committed an error. Therefore, to correct its error, the Court will reconsider its prior determination.

The plaintiffs contend that the standard under New York law for determining whether a party is entitled to attorneys' fees is less stringent than the standard applied in cases brought under the federal law that the Court employed. According to the plaintiffs, "[u]nder New York law, the 'lodestar' method is commonly used as a guideline but is not dispositive of whether an attorney will be entitled to fees [and] New York courts will often substitute their own judgment and experience in determining what constitutes a reasonable fee."

Thus, according to the plaintiffs, if the Court had applied New York law in analyzing the motion for attorneys' fees incurred in connection with the underlying action, the outcome of the analysis would have been different, that is, the Court would have awarded attorneys' fees even in the absence of evidence concerning: (a) the identities of the attorneys, other than Jacobs, who rendered legal services to them; (b) information about the backgrounds and experiences of those attorneys; or (c) information about the identities, backgrounds and experiences of the paralegals and clerks who claimed hours worked. The Court disagrees. Even under New York law, parties must submit competent evidence to the Court establishing that the hourly rate charged for each attorney who claimed hours worked is in line with the rates customarily charged for similar services by attorneys of like skill in this judicial district. See In re Freeman's Estate, 34 N.Y.2d 1, 9, 355 N.Y.S.2d 336, 341 (1974) (factors to be considered in determining reasonable attorneys' fees include "the lawyer's experience, ability and reputation" and "the customary fee

charged by the Bar for similar services"); Gamache v. Steinhaus, 7 A.D.3d 525, 527, 776 N.Y.S.2d 310, 311 (App. Div. 2d Dept. 2004) ("petitioners' counsel failed to support their claim that $300 per hour was a reasonable hourly rate for the type of work performed . . . [t]hus the record was devoid of proof as to the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation") (citation and internal quotation marks omitted); Friedman v. Miale, 69 A.D.3d 789, 791-92, 892 N.Y.S.2d 545, 547-48 (App. Div. 2d Dept. 2010) (same); Matakov v. Kel-Tech Constr. Inc., 84 A.D.3d 677, 678, 924 N.Y.S.2d 344, 346 (App. Div. 1st Dept. 2011) (same); see also Aurora Commercial Corp., 2014 WL 3866090, at *4 (identifying the names of the attorneys and law office personnel who worked on the litigation and enumerating their qualifications, e.g., "a licensed attorney for nine years," an attorney with "more than a decade of experience," a paralegal with "over a decade of experience"). Moreover, under New York law, "the burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." F. H. Krear & Co. v. Nineteen Named Trustees v. Grauso, 810 F.2d 1250, 1265 (2d Cir. 1987).

  As stated in the Order, the other attorneys, paralegals and clerks who worked on this matter were never mentioned by name in either Jacobs' affirmation or the memorandum of law submitted in support of the motion for attorneys' fees, and no information was provided about their backgrounds or experience; hence, it was not possible for the Court to determine whether the hourly rates and the hours claimed for the persons asserted to be attorneys, paralegals and clerks were reasonable.

The plaintiffs contend further that the attorneys' fees incurred in connection with the filing of their Rule 54 motion should have been awarded because, under New York law, contemporaneous time records are not required and they provided the affidavit of an attorney in which the work performed by the attorneys in that matter was described. Under New York law, however, the submission of an attorney's affidavit describing, in a general way, the work done, as was provided in this case, is not sufficient. See Friedman, 69 A.D.3d at 791, 892 N.Y.S.2d at 547 ("the affidavits submitted by the plaintiff did not establish the reasonableness of the amount of hours which were collectively expended by the plaintiff's attorneys"). Thus, the affidavit in question states, for example, that "time spent included reviewing and analyzing the underlying file materials, reviewing and analyzing the invoices and bills relating to the defense of the underlying action [and] preparing the complaint in the within action." No details are provided concerning who performed the work or how long each attorney or paralegal spent on a given task. Such vague descriptions of the activities performed are devoid of even a modicum of information detailing precisely the activities performed by counsel and thus make it impossible for the Court to determine whether the time spent on the particular activities was reasonable. Further, in this case, when New York law is applied, even a reduced amount of fees is not warranted because "[a] general agreement for the payment of counsel fees does not generally include counsel fees in the suit to collect those fees." Swiss Credit Bank v. International Bank, Ltd., 23 Misc.2d 572, 573-74, 200 N.Y.S.2d 828, 830-31 (Sup. Ct. N.Y. Cty. 1960) (citing Doyle v. Allstate Ins. Co., 1 N.Y.2d 439, 154 N.Y.S. 2d 10, 14 (1956)); see also Fresh Meadows Medical Associates v. Liberty Mutual Ins. Co., 49 N.Y.2d 93, 99, 424 N.Y.S. 2d 361, 364 (1979).

For the reasons set forth above, the correction the plaintiffs seek, that is, the analysis of their motion for attorneys' fees under New York law rather than federal law, has been made. However, it does not alter the conclusion reached by the Court previously.

The plaintiffs have not made citation to any authority for the proposition that, since the Court has determined that the attorneys' fees incurred for the work performed by Jacobs were reasonable, "it should follow that the rates of his partners, associates and paralegals are also reasonable." Moreover, the case law to which the plaintiffs make citation does not provide any support for their assertion that the amount of attorneys' fees awarded by the Court in this action was unjust in light of the underlying contractual agreement between the parties and the defendant's acknowledgment of its liability. The plaintiffs were not prevented from ascertaining the requirements under the law, whether state or federal, for demonstrating their entitlement to an award of attorneys' fees in this case or from submitting the evidence needed to support their claims. Under the circumstances, no showing of injustice has been made that would warrant the Court's altering its decision on the motion for attorneys' fees.

## Conclusion

For the reasons set forth above, the plaintiffs' motion for reconsideration of the Order, Docket Entry No. 22, is granted; however, the Court's prior decision on the plaintiffs' request for attorneys' fees remains unchanged.

Dated: New York, New York
May 29, 2015

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

8